UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

MUSHIN HANIF ABDUR-RAHIIM,    )
                               )
    Petitioner,              )   Civil Action No. 6:14-79-DLB
                               )
v.                             )
                               )
WARDEN J. C. HOLLAND,          )   **MEMORANDUM OPINION**
                               )            **AND ORDER**
    Respondent.              )
                               )

**** **** **** ****

Mushin Hanif Abdur-Rahiim is an inmate confined in the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without an attorney, Abdur-Rahiim has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his criminal conviction from the Superior Court of the District of Columbia ("the D. C. Superior Court").

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Abdur-Rahiim is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Abdur-Rahiim's factual allegations as true and liberally construes his legal claims in his

1

favor. Because a § 2241 petition is not the proper vehicle for obtaining the relief which Abdur-Rahiim seeks, his habeas petition will be **denied**.

## ABDUR-RAHIIM'S LITIGATION HISTORY

On May 5, 1994, Abdur-Rahiim was indicted by a grand jury in the D. C. Superior Court for first-degree murder while armed, in violation of D.C. Code §§ 22-2401-3202 (1989); carrying a pistol without a license ("CPWL"), in violation of § 22-3204(a); and possession of a firearm during a crime of violence ("PFCV"), in violation of § 22-3204(b). The case went to trial and on March 8, 1995, Abdur-Rahiim was convicted on all counts and sentenced to the following concurrent prison terms: thirty years to life for murder; one year for CPWL; and five to fifteen years for PFCV. The conviction was affirmed on direct appeal to the District of Columbia Court of Appeals ("D.C. Court of Appeals").

On September 17, 1997, Abdur-Rahiim filed, through counsel, a motion for a new trial pursuant to D.C. Code § 23-110, alleging ineffective assistance of trial counsel. On November 16, 1998, the D. C. Superior Court denied Abdur-Rahiim's motion for a new trial. On August 26, 2002, Abdur-Rahiim filed another challenge to his conviction under D.C. Code § 23-110, entitled "Postconviction Motion to Vacate Sentence and Set Aside Judgment," arguing that he had been denied effective assistance of appellate counsel. On June 18, 2003, Abdur-Rahiim filed a supplemental § 23-110 motion, seeking to withdraw his ineffective assistance of appellate counsel argument, and arguing instead that the trial court had failed to properly instruct the jury about the "malice" element of first degree murder.

On February 26, 2004, the D.C. Superior Court denied Abdur-Rahiim's § 23-110 motion, and on October 27, 2004, the D.C. Court of Appeals affirmed the denial of that § 23-

110 motion. In November 2004, Abdur-Rahiim filed a petition for rehearing *en banc*, which motion was denied on January 11, 2005.

In April 2005, while incarcerated in the USP-Big Sandy, Abdur-Rahiim filed his first petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, again arguing that the instructions given at his criminal trial failed to include malice as an element of first degree murder. *United States v. Abdur-Rahiim*, No. 7:05-CV-133-KKC-PEP (E. D. Ky. 2005) [R. 1, therein]. On January 26, 2006, Magistrate Judge Peggy E. Patterson issued a Report and Recommendation ("R & R") concluding that the respondent's motion to dismiss the § 2254 petition should be granted, because this Court lacked jurisdiction to entertain it. [R. 20, therein]

In her R & R, Magistrate Judge Patterson noted that when Abdur-Rahiim filed his supplemental § 23-110 motion in the D.C. Superior Court in June 2003, he raised the same defective jury instruction issue that he was asserting in his § 2254 petition; that the D.C. Superior Court had addressed and rejected that claim on the merits on February 26, 2004; and that the D. C. Court of Appeals had affirmed the D.C. Superior Court's ruling on this issue. [*Id*., pp. 7-8] Based on those facts, Magistrate Judge Patterson determined that Abdur-Rahiim "…had not been deprived of a full and fair opportunity to litigate a colorable claim in the District of Columbia courts," *id*., p. 8, and that his "…personal lack of success in pursuing relief under D.C. Code § 23-110 does not render that remedy inadequate or ineffective." [*Id*., p. 9] She therefore concluded that Abdur-Rahiim was not entitled to relief under § 2254 because he had not established that his local remedy under D.C. Code § 23-110 had been inadequate or ineffective to challenge his convictions. [*Id*., pp. 9-11] Abdur-

Rahiim did not file objections to the R & R, and on March 27, 2006, Judge Karen K. Caldwell entered an Order adopting the R & R and granting the Respondent's motion to dismiss the § 2254 petition. [R. 24, therein]

On May 8, 2006, while incarcerated in the Federal Correctional Institution ("FCI")-Fairton, located in Fairton, New Jersey, Abdur-Rahiim filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia, challenging his conviction under D.C. Code § 16-1901. *Abdur-Rahiim v. Schultz*, No. 1:06-CV-852-UNA (D.D.C. 2006) [R. 1, therein] On that same date, the district court entered a Memorandum Opinion and Order dismissing the case for lack of jurisdiction. [R. 4 and 5, therein] The district court explained that all challenges to judgments of conviction entered by the D.C. Superior Court must be pursued under D.C. Code § 23-110, and that challenges under § 16-1901 were permissible only in the event § 23-110 was an inadequate or ineffective remedy. [R. 4, p. 12, therein] The district court concluded that Abdur-Rahiim had not demonstrated that § 23-110 was either inadequate or ineffective to challenge his conviction; that he had instead merely alleged that his § 23-110 motion was unsuccessful; and that it therefore lacked jurisdiction to entertain Abdur-Rahiim's D. C. Code § 16-1901 motion. [*Id.*] The district court then dismissed the case without prejudice. [*Id.*]

In March 2007, while still confined in FCI-Fairton, Abdur-Rahiim filed yet another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, this time in federal court in New Jersey, again attempting to collaterally challenge his conviction and sentence. *Abdur-Rahiim v. Schultz*, No. 1:07-CV-01339-RMB (D. N. J. 2007) [R. 1, therein] On April 19,

4

2007, the district court entered an order denying Abdur-Rahiim's § 2241 motion for lack of jurisdiction. [R. 2, therein] The district court explained that the fact that Abdur-Rahiim had previously and unsuccessfully sought relief under D. C. Code § 23-110 did not render that remedy inadequate or ineffective. [*Id*., pp. 5-6]

## CLAIMS ASSERTED IN THE § 2241 PETITION

In his current § 2241 petition, Abdur-Rahiim continues to challenge his D.C. conviction, this time alleging that the D.C. Court of Appeals erroneously refused to recall the mandate in one of the appeals that he filed [R. 1, pp. 7-8]; that he was denied effective assistance of appellate counsel in numerous instances, both on direct appeal and in the appeal of the denial of his § 23-110 motion [*id*., pp. 8-15; pp.23-30]; and that he was denied effective assistance of counsel at various stages of his criminal trial in the D.C. Superior Court [*id*., pp. 15-22][1]. Abdur-Rahiim's claim challenging the decision of the D.C. Court of Appeals appears to fall under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law. His claims alleging ineffective assistance of trial and appellate counsel fall under the Sixth Amendment of the U.S. Constitution, which guarantees effective assistance of counsel during criminal proceedings.

Abdur-Rahiim seeks an order (1) reinstating his direct (initial) criminal appeal; (2) reinstating his initial § 23-110 motion and/or vacating the denial of his initial § 23-110 motion; and (3) appointing him counsel to file a new direct appeal of his conviction.

---

[1] Abdur-Rahiim alleges that his trial counsel failed to explain the benefits of accepting a plea bargain; failed to properly cross examine government witnesses; failed to bring relevant facts to the jury's attention; failed to properly investigate both the relevant facts and the scene of the crime; improperly advised him not to testify on his own behalf; and failed to call necessary witnesses on his behalf at his trial. [R. 1, pp. 15-22]

5

**DISCUSSION**

Abdur-Rahiim is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Abdur-Rahiim instead challenges the constitutionality of his life sentence on Fifth and Sixth Amendment grounds. A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under 28 U.S.C. § 2255 is inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). The remedy under § 2255 is not considered "inadequate or ineffective" merely because relief under that section has been denied previously, because the petitioner is procedurally barred from pursuing relief under § 2255, or because he has been denied permission to file a second or successive motion to vacate. *Wooten*, 677 F.3d at 307; *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Although Adbur-Rahiim is in the custody of the BOP, he was not convicted in a federal court; he was convicted in the D.C. Superior Court, which means that he is not eligible to seek collateral relief under 28 U.S.C. § 2255. As a prisoner convicted under the D.C. Code, Abdur-Rahiim must instead challenge the legality of his conviction or sentence by filing a post-conviction motion under D.C. Code § 23–110, which is essentially the equivalent of 28 U.S.C. § 2255. *See Totten v. Ives*, No. 12-CV-23-GFVT, 2012 WL 1409667, at *1 (E.D. Ky. Apr. 23, 2012). ("A prisoner in federal custody pursuant to a conviction entered by the Superior Court of the District of Columbia must challenge the legality of his conviction or sentence by filing a post-conviction motion under D.C. Code § 23–110 in the Superior Court ."); *see also Ford v. Wiley*, 168 F. App'x 877, 880 (11th Cir.

6

2006) ("[f]ederal courts ... are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D.C. Superior Court."). Even so, a prisoner may challenge his conviction under 28 U.S.C. § 2241 instead of D.C. Code § 23–110 under certain circumstances, such as when the "savings clause" contained in D.C. Code § 23–110 applies. D. C. Code § 23-110, which is similar to that found in 28 U.S.C. § 2255, provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23–110(g); *see* 28 U.S.C. § 2255(e).

Adbur-Rahiim argues that he was denied effective assistance of trial counsel during his criminal proceeding, but as he has done on prior occasions, he fails to establish that his remedy under D.C. Code § 23–110 on these issues was inadequate or ineffective. All of his claims on this issue are predicated upon events which transpired during his trial, and are thus matters which could and should have been asserted during his trial, on direct appeal, or by motion under D.C. Code § 23–110(a). *Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir.2003) (habeas relief under Section 2241 is not available where "for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255."); *see also McMillan v. Ives*, No. 6:11-CV-262-GFVT, 2012 WL 1424889, at *2 (E.D. Ky. Apr. 24, 2012) (denying relief under § 2241 to prisoner convicted under D.C. Code who did not demonstrate that his local remedy was inadequate or ineffective). The same rationale applies

7

to Abdur-Rahiim's claim that the D.C. Appeals Court violated his right to due process of law by refusing to recall the 1999 mandate entered in the direct appeal of his criminal conviction. Abdur-Rahiim could and should have raised this claim in his D.C. Code § 23-110 motion; if he did so but did not prevail on the claim, that does not mean that his remedy under § 23–110 was an ineffective or inadequate means of challenging his conviction.

Abdur-Rahiim is certainly aware of the standard that must be met to proceed under 28 U.S.C. § 2241 because he has previously filed three prior habeas petitions, in this Court, in the District Court of Columbia, and in the federal court in New Jersey, all of which were denied on the same grounds. In all of these proceedings, the courts have explained to Abdur-Rahiim that he had failed to carry his burden of demonstrating the ineffectiveness or inadequacy of his remedy under D.C. Code § 23–110, and further explained to him that his remedy under D.C. Code § 23–110 was not considered inadequate or ineffective simply because the relief he requested in that motion had been denied. This Court likewise concludes that as to his claims alleging effective assistance of trial counsel during his criminal proceeding, and as to his claims alleging that the D.C. Court of Appeals violated his right to due process of law, Abdur-Rahiim has not demonstrated that his remedy under D.C. Code § 23–110 was an ineffective or inadequate means of challenging his conviction and sentence.

Abdur-Rahiim next asserts that because he was denied effective assistance of *appellate* counsel, he is entitled to collateral relief pursuant to § 2241. In support of his claim, Abdur-Rahiim cites *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). *See* Petition, R. 1, p.1; p. 12-14; pp. 25-28. *Williams* holds that the only method to challenge the

8

effectiveness of appellate counsel in the D.C. courts is for a petitioner to file a "motion to recall the mandate ... directly in the D.C. Court of Appeals...." As explained, however, Abdur-Rahiim's claim on this issue lacks merit.

In his § 2241 petition, Abdur-Rahiim stated that on May 12, 1999, the D.C. Court of Appeals affirmed his conviction on direct appeal; that on June 22, 1999, he filed a motion to recall the mandate, arguing that he received ineffective assistance of appellate counsel; that on October 6, 1999, the D. C. Court of Appeals denied that motion; that on June 17, 2003, he filed a *second* motion to recall the mandate arguing the same issue; that on June 23, 2003, the D. C. Court of Appeals denied his *second* motion to recall the mandate; and that D. C. Court of Appeals thereafter denied his motion to reconsider its prior rulings on the mandate recall issue. *See* Petition, R. 1, p. 5. Based on these facts, it is fair--and logical--to conclude that despite the fact that Abdur-Rahiim filed several motions in which he argued that he had been denied effective assistance of *appellate* counsel, the District of Columbia Court of Appeals clearly was **not** convinced that he had been the victim of ineffective assistance of appellate counsel. The fact that the D. C. Court of Appeals ruled adversely to Abdur-Rahiim as to his claim of ineffective assistance of *appellate* counsel does not equate into a finding that his remedy under D.C. Code § 23–110 was an ineffective or inadequate means of challenging his conviction. *See Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (finding that the mere denial of relief by the local courts did not render the local remedy inadequate or ineffective).

Further, a prisoner generally must "show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause." *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004). Because Abdur-Rahiim was not convicted of

9

conduct that the law no longer makes criminal in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, he cannot proceed § 2241. *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)."); *Void–El v. Haynes*, 440 F.Supp.2d 1 (D.D.C. 2006) (finding that D.C. Code offender could not pursue habeas relief under § 2241 absent a showing that relief under D. C. Code § 23–110 had proved inadequate or ineffective).

Abdur-Rahiim cites *Martinez v. Ryan*, ___U.S.___, 132 S. Ct. 1309 (2012) in support of his claim that the denial of effective assistance of appellate counsel entitles him to relief under § 2241. *See* R. 1, p. 1; p. 28. He alleges that based on *Martinez*, he "…has a constitutional right to effective assistance of counsel in his initial collateral proceedings (§ 23-110)." [*Id*., p. 28] *Martinez* stands for the limited proposition that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of *trial* counsel; however, *Martinez* does not apply where the underlying claim is for ineffective assistance of *appellate* counsel. *Martinez*, 132 S. Ct. at 1320. "The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." [*Id.*] *See also Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013) (noting *Martinez* carefully addressed the precise question of "whether ineffective assistance

10

in an initial-review collateral proceeding on a claim of ineffective assistance *at trial* may provide cause for a procedural default in a federal habeas proceeding.") (emphasis added) (citation omitted); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) ("Martinez offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause."); *Baisey v. Stansberry*, No. 10–0352, 2013 WL 360024 at *2 (D.D.C. Jan. 30, 2012) ("Martinez does not apply to Mr. Baisey's situation, because he raises a claim of ineffective assistance of *appellate* counsel.") (emphasis in original) (citation omitted). Based on the above authority, *Martinez* provides no basis for ordering collateral relief to Abdur-Rahiim under § 2241.

Finally, Abdur-Rahiim alleges that his trial counsel failed to advise him of "…the benefits of excepting [sic] a reasonable plea agreement," [R. 1, pp. 15-16], and cites *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012) as authority for his claim that he is entitled to relief under § 2241. *Lafler* is linked to another Supreme Court case, *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), decided on the same date. Both cases discuss when a defendant may assert certain types of claims alleging ineffective assistance of counsel.[2]

Abdur-Rahiim alleges that he "…was offer [sic] a plea agrument [sic] to second degree murder, 0 to 15 years….," but that his trial counsel failed to communicate that offer to him. [R. 1, p. 16] Even assuming that Abdur-Rahiim's allegation is true, which the Court

---

[2] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*.

must, he still may not obtain relief under § 2241 because neither *Lafler* nor *Frye* announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d at 1140; *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

In summary, Abdur-Rahiim has not established that his remedy under D.C. Code § 23-110 was inadequate or ineffective to challenge his federal detention, nor has he alleged a viable claim of actual innocence. For these reasons, Abdur-Rahiim has failed to demonstrate that he is entitled to proceed under § 2241, and his habeas petition will be denied.

## CONCLUSION

Accordingly, for the reasons discussed above, it is hereby **ORDERED** as follows:

1. Mushin Hanif Abdur-Rahiim's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 10th day of September, 2014.



Signed By:
David L. Bunning
United States District Judge