UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

MUSHIN H. ABDUR-RAHIIM,  )
                         )
    Petitioner,           )
                         )   Civil Action No. 14-CV-79-DLB
v.                       )
                         )
J. C. HOLLAND, WARDEN,   )   **MEMORANDUM OPINION**
                         )   **AND ORDER**
    Respondent.          )
                         )

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Mushin H. Abdur-Rahiim is an inmate confined by the Bureau of Prisons in the United States Penitentiary McCreary, in Pine Knot, Kentucky. Proceeding without counsel, Abdur-Rahiim has filed a motion [R. 9] seeking reconsideration of the prior order and judgment dismissing his habeas corpus petition. For the reasons set forth below, Abdur-Rahiim's motion for reconsideration will be denied.

## BACKGROUND

In March 2014, Abdur-Rahiim filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his criminal conviction in the Superior Court of the District of Columbia ("the D. C. Superior Court").[1] Abdur-Rahiim alleged that the D.C. Court of Appeals erroneously refused to recall the mandate in one of the appeals that he filed; that he was denied effective assistance of counsel during his criminal trial in the D.C. Superior Court; and that he was denied effective assistance of appellate counsel in numerous instances, both on direct appeal and in the appeal of the denial of his § 23-110 motion. Abdur-Rahiim's claim challenging the

---

[1] Abdur-Rahiim is serving a life prison sentence. *See* http://www.bop.gov/inmateloc/ (last visited on February 27, 2015).

decision of the D.C. Court of Appeals fell under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law, and his claims alleging ineffective assistance of trial and appellate counsel fell under the Sixth Amendment of the U.S. Constitution, which guarantees effective assistance of counsel during criminal proceedings.

On September 10, 2014, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") [R. 5] and Judgment [R. 6] denying Abdur-Rahiim's § 2241 petition. In the Opinion and Order, the Court determined that Abdur-Rahiim had failed to establish that his remedy under D.C. Code § 23–110 was inadequate or ineffective to challenge his federal detention, and that the claims which Abdur-Rahiim was raising in his § 2241 petition could and should have been asserted during his trial, on direct appeal, or at the latest, in a motion filed under D.C. Code § 23–110(a). [R. 5, pp. 7-9]

The Court further rejected Abdur-Rahiim's argument that *Martinez v. Ryan*, ___U.S.___, 132 S. Ct. 1309 (2012), qualified as an intervening change in the law and supported his argument that he was denied effective assistance of appellate counsel in the D.C. Court of Appeals. [*Id.*, pp. 10-11] The Court explained that *Martinez* stands for the limited proposition that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel, but that *Martinez* does not apply where the underlying claim is one alleging ineffective assistance of appellate counsel. [*Id.*, p. 10] The Court based its conclusion on the following passage from *Martinez*:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.

*Martinez*, 132 S. Ct. at 1320.

2

The Court also cited District of Columbia decisions which hold that a claim alleging ineffective assistance of appellate counsel does not constitute cause for a procedural default in a federal habeas corpus proceeding. [*Id.*, pp. 10-11] Finally, to the extent that Abdur-Rahiim claimed that he had been denied effective assistance of counsel, and that he could advance his Sixth Amendment claim under § 2241 based on *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), the Court determined that *Lafler* and *Frye* did not announce a new constitutional rule and therefore did not apply retroactively to cases on collateral review, such as Abdur-Rahiim's § 2241 petition. [*Id.*, p. 12]

In his motion, Abdur-Rahiim alleges that the Court incorrectly concluded that his remedy under D.C. Code § 23–110 was not inadequate or ineffective to challenge his federal detention, and that the Court improperly denied his § 2241 petition.

## DISCUSSION

Because Abdur-Rahiim seeks reconsideration of the Opinion and Order – a final and appealable order – his motion falls under Federal Rule of Civil Procedure 59(e), which provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010*); Gen Corp, Inc., v. American Intern. Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982); *see also Thomas & Betts Corp. v. Hosea Project Movers, LLC*, No. 02-2953 MA/A, 2005 WL 2777012 *

1 (W. D. Tenn. Oct. 24, 2005) (holding that a district court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion).

Abdur-Rahiim has not satisfied either the first or the second criteria of Rule 59(e), because (1) the Court did not erroneously apply the law applicable to § 2241 petitions collaterally challenging a conviction obtained in D.C. Superior Court, and (2) Abdur-Rahiim has not alleged the existence of newly discovered evidence.  At best, Abdur-Rahiim is essentially re-asserting the same claims and arguments which he unsuccessfully asserted in his § 2241 petition. Such a "re-hashing" of claims does not establish grounds for relief from judgment under Rule 59(e).

The Court correctly determined that Abdur-Rahiim had not alleged grounds entitling him to collateral relief under § 2241.  As explained in the Opinion and Order, the facts relevant to Abdur-Rahiim's ineffective assistance of appellate counsel claims are as follows:

 (1) on August 26, 2002, Abdur-Rahiim brought a successive challenge to his conviction under D.C. Code § 23-110, by filing a motion entitled "Postconviction Motion to Vacate Sentence and Set Aside Judgment," in which he argued that he had been denied effective assistance of appellate counsel;

(2) on June 18, 2003, Abdur-Rahiim filed a supplemental § 23-110 motion, seeking to withdraw his ineffective assistance of appellate counsel argument and arguing instead that the trial court had failed to properly instruct the jury about the "malice" element of first degree murder;

(3)  on February 26, 2004, the D.C. Superior Court denied Abdur-Rahiim's § 23-110 motion;

4

(4) on October 27, 2004, the D.C. Court of Appeals affirmed the denial of that § 23 110 motion; and

(5) in November 2004, Abdur-Rahiim filed a petition for rehearing *en banc*, which motion was denied on January 11, 2005.

[R. 5, pp 2-3].

These facts establish that Abdur-Rahiim had an opportunity and a procedural remedy under D.C. Code § 23-110 through which to raise all of his Sixth Amendment ineffective assistance of appellate counsel claims, but that during that process and while availing himself of that remedy, he *withdrew* his Sixth Amendment claims alleging ineffective assistance of appellate counsel. Instead, Abdur-Rahiim advanced Fifth Amendment claims alleging that the D.C. Superior Court incorrectly instructed the jury.

As explained in the Opinion and Order, applying the law of the District Court of Columbia to such facts, a petitioner seeking collateral relief, or "another bite at the post-conviction apple," based on a claim alleging ineffective assistance of appellate counsel cannot prevail under § 2241. *See Johnson v. Wilson*, No. CV 13-1934, 2014 WL 5662438 (D.D.C. Nov. 5, 2014) (explaining that a conviction in the D. C. Superior Court is considered a state court conviction under federal habeas law; that a challenge to a D.C. Superior Court conviction is properly brought under 28 U.S.C. § 2254; and that a prisoner "'lack[s] a constitutional entitlement to effective assistance of counsel in state collateral proceedings.'") (citing *Williams v. Martinez*, 586 F.3d 995, 1001 (D.C. Cir. 2009)); *Richardson v. United States*, 999 F.Supp.2d 44, 49 (D.D.C. 2013); *Baisey v. Stansberry*, No. 10–0352, 2013 WL 360024 at *2 (D.D.C. Jan. 30, 2012) ("*Martinez* does not apply to Mr. Baisey's situation, because he raises a claim of

5

ineffective assistance of appellate counsel."); *see also Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013) (noting that *Martinez* carefully addressed the precise question of whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance *at trial* may provide cause for a procedural default in a federal habeas proceeding.) (emphasis added).

Third, Abdur-Rahiim has not alleged an intervening change in the controlling law, as required under the third prong of Rule 59(e). Fourth and finally, Abdur-Rahiim has not established that the denial of his § 2241 petition will subject him to manifest injustice, which is required under the fourth prong of Rule 59(e). The "manifest injustice" ground is "an amorphous concept with no hard line definition," *see In re Henning*, 420 B.R. 773, 785 (Bankr. W. D. Tenn. Nov. 6, 2009) (citing *United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 2944902, at *2 (E.D. Tenn. June 19, 2008)), and appears to be a catch-all provision, but it is not meant to allow a disappointed litigant to attempt to persuade the court to change its mind. *See*, *e.g.*, *GenCorp*, 178 F.3d at 834. Generally, a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Given that Abdur-Rahiim filed a previous post-conviction challenge to his conviction in the D.C. Superior Court, in which he asserted *but then withdrew* his Sixth Amendment claims alleging ineffective assistance of appellate counsel, such unique circumstances do not exist in this case.

For the reasons set forth above, the Court determines that Abdur-Rahiim's motion seeking reconsideration of the Opinion and Order must be denied.

**CONCLUSION**

Accordingly, the Court being sufficiently advised, **IT IS ORDERED** that Mushin H. Abdur-Rahhim's motion [R. 9] seeking reconsideration of the Court's September 10, 2014, Memorandum Opinion and Order and Judgment (R. 5 and 6) denying his 28 U.S.C. § 2241 petition for writ of habeas corpus, be, and is, hereby **DENIED**.

This 27th day of February, 2015.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\AbdurRahiim 14-79-DLB Deny 59(e) CKS.doc